

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT EVANS CURLIN, ID # 623999, Petitioner, | ) ) ) ) |
| vs. | ) No. 3:01-CV-0429-R ) |
| JANIE COCKRELL,[1] Director, Texas Department of Criminal Justice, Institutional Division, Respondent. | ) ) ) ) ) |

**MEMORANDUM AND ORDER**

On February 9, 2001, petitioner, a state prisoner currently incarcerated in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 *et seq.* in the Western District of Texas, naming Gary L. Johnson, former Director of TDCJ-ID, as respondent. On March 1, 2001, that court transferred the action to this district. On July 5, 2001, this Court denied *in forma pauperis* status to petitioner and directed him to pay the requisite $5 filing fee for actions under § 2241. Petitioner thereafter paid the filing fee. The Court has not required respondent to answer the petition. This case is, nevertheless, ripe for ruling. As will be seen *infra*, this action is properly construed as a mixed action under § 2241 and 28 U.S.C. § 2255. For the reasons that follow, this action is summarily denied.

**I. Background**

The following background information comes from information provided by petitioner in the instant petition; the Presentence Report (PSR), Factual Resume, and other documents from his

---

[1] On August 1, 2001, Janie Cockrell became the Director of Texas Department of Criminal Justice - Institutional Division. The Court thus substitutes her for the named respondent Gary L. Johnson. *See* Fed. R. Civ. P. 25(d)(1).

federal criminal case, *United States v. Curlin*, No. 3:92-CR-0139-T (N.D. Tex.); and independent research via the internet:[2]

On December 31, 1991, petitioner robbed a City Employees Credit Union located in Dallas, Texas. (Factual Resume at 1.) During that robbery he exhibited and used a firearm. (*Id.*) As he left the scene of the robbery, he fired several shots at pursuing police officers. (*Id.*) This robbery resulted in federal charges of bank robbery in violation of 18 U.S.C. § 2113 and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). (PSR ¶¶ 1, 7.)

On January 20, 1992, petitioner robbed a liquor store at gunpoint. (Factual Resume at 2-3.) A police officer pursued him from the robbery scene. (*Id.* at 3.) "A few blocks" from the scene, petitioner fired a shot at the officer. (*Id.*) After an ensuing car chase in which petitioner fired more shots, the police apprehended petitioner. (*Id.*) During his arrest he scuffled with the arresting officers and shot an officer in the chest. (*Id.*) Only a bullet-proof vest spared the officer's life. (*Id.* at 3-4.) This liquor-store robbery resulted in federal charges of robbery affecting commerce in violation of 18 U.S.C. § 1951(a) and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). (PSR ¶¶ 1, 8.)

According to the PSR, the liquor-store robbery also resulted in state charges of attempted capital murder of a police officer (Two Counts) and aggravated assault with a deadly weapon. (*Id.* ¶¶ 4-5.) The PSR, however, is in apparent error with respect to the nature of the state charges. The State never charged petitioner with aggravated assault, rather it charged him with aggravated robbery. *See Curlin v. State*, 881 S.W.2d 513, 517 (Tex. App. – Dallas, 1994, no pet. h.) (identifying the

---

[2] All citations to specific documents other than the petition filed in the instant case refer to documents in the federal criminal case, *i.e.* Factual Resume, Judgment, Tr. of Arraignment, Tr. of Sentencing, etc.

2

state convictions as aggravated robbery and attempted capital murder, as well as an unrelated charge of possession of cocaine).

On May 12, 1992, the state court sentenced petitioner to fifty years imprisonment on the state charges with the provision that his sentence would run concurrently with his federal sentences.[3] (Pet. at unnumbered attached pages.) On June 5, 1992, he appealed his state convictions. *See Curlin v. State*, No. 05-92-01535-CR, http://www.courtstuff.com/FILES/05/92/05921535.HTM (docket sheet information generated Mar. 17, 2002) (Official internet site of the Ct. of Appeals); *Curlin v. State*, No. 05-92-01536-CR, http://www.courtstuff.com/FILES/05/92/05921536.HTM; *Curlin v. State*, No. 05-92-01537-CR, http://www.courtstuff.com/FILES/05/92/05921537.HTM. On July 15, 1994, the Fifth District Court of Appeals at Dallas dismissed the state appeals for want of jurisdiction. *Curlin v. State*, 881 S.W.2d 513, 517 (Tex. App. – Dallas, 1994, no pet. h.). On October 3, 2001, the Texas Court of Criminal Appeals granted habeas relief thereby granting petitioner leave to file an out of time appeal. *See* Court of Criminal Appeals of Texas Hand Down Opinions for October 3, 2001, http://www.cca.courts.state.tx.us/opinions/10032001hd.htm (accessed May 20, 2002) (Official internet site of the Ct. of Crim. Appeals). In November 2001, petitioner thus filed out-of-time appeals which remain pending. *See Curlin v. State*, No. 05-02-00315-CR, http://www.courtstuff.com/FILES/05/02/05020315.HTM (docket sheet information generated May 18, 2002) (Official internet site of the Ct. of Appeals); *Curlin v. State*, No. 05-02-00316-CR, http://www.courtstuff.com/FILES/05/02/05020316.HTM; *Curlin v. State*, No. 05-02-00317-CR,

---

[3] The Court notes that neither the federal courts nor the Bureau of Prisons are bound by the state court's direction that the state and federal sentences run concurrently. *See* U.S. Const. art. VI, cl. 2.

http://www.courtstuff.com/FILES/05/02/05020317.HTM; *Curlin v. State*, No. 05-02-00318-CR, http://www.courtstuff.com/FILES/05/02/05020318.HTM.

On April 28, 1992, in the United States District Court for the Northern District of Texas, petitioner pled guilty to the federal charges against him. (*See* Tr. of Arraignment.) On July 22, 1992, the Honorable Robert Maloney of this Court imposed a 420-month sentence of incarceration on the federal convictions. (Judgment at 2.) Petitioner received 120 months incarceration on the bank robbery charge; 120 months incarceration on the other federal robbery charge to run concurrently with the 120 months for bank robbery; and a total of 300 months on the two firearms charges that were to run consecutively to the other federal sentences. (*Id.*) On March 12, 1993, the Fifth Circuit Court of Appeals dismissed petitioner's direct appeal of his federal convictions. *United States v. Curlin*, No. 92-1655, slip op. at 1 (5th Cir. Mar. 12, 1993).

Petitioner challenges only his federal conviction and sentence in this action.[4] He claims that he is being held unlawfully, because (1) his state sentence is supposed to run concurrently with his federal sentence and he has not been remanded to federal custody; (2) his trial attorney rendered ineffective assistance; and (3) his appellate attorney rendered ineffective assistance. (Pet. at attached pages.) He explains that he has filed no motion to vacate under 28 U.S.C. § 2255, because he has not yet begun to serve his federal sentence and a writ of error coram nobis is the proper means to challenge it. (*Id.* at 7.)

---

[4] To the extent the instant petition can reasonably be construed as a challenge to petitioner's state sentence under 28 U.S.C. § 2254, the Court declines to so construe it for the failure of petitioner to exhaust his state remedies. He has state appeals currently pending. A petitioner, furthermore, may not attack his state convictions in the same petition that he attacks his federal convictions. *See* Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts; Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Analysis

Petitioner specifically brings this action pursuant to 28 U.S.C. § 2241. The district court in the Western District of Texas considered the action to be one arising out of § 2241 and transferred the action to this Court under 28 U.S.C. § 2241(d) after stating that the two courts have concurrent jurisdiction over the action. Section 2241(a) grants district courts the power to grant a writ of habeas corpus. A petitioner is entitled to a writ of habeas corpus under § 2241, however, only to remedy his or her restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)), *cert. denied*, 531 U.S. 1132 (2001). The remedy afforded under § 2241 is "no different" from the scope of remedy afforded under § 2255. *Id.* at 214.

### A. Claims Regarding Sentence Location and Sentence Credits

In his first ground for relief, petitioner arguably attacks the manner in which he is serving his federal sentence, *i.e.* serving his federal sentence in a state facility. He also arguably makes a time-credit claim, *i.e.* that time served on his state sentence should be credited toward his federal sentence. Petitioner properly invokes § 2241 to make these challenges. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) (stating that "[s]ection 2241 is correctly used to attack the manner in which a sentence is executed"), *cert. denied*, 122 S. Ct. 476 (2001); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (holding that claims for sentence credit to federal sentences are properly

brought pursuant to § 2241). Due to the applicability of 28 U.S.C. § 2241(d), this Court has concurrent jurisdiction over such challenges.

Although petitioner may bring these challenges under § 2241, that section provides him no relief on the facts of this case. A prisoner has no constitutional right to be housed in a particular facility. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000).

In addition, there is no statute that provides a prisoner the right to be housed in a particular facility. Section 3621(b) of Title 18 of the United States Code directs the Bureau of Prisons (BOP) to determine the place of confinement for one convicted of a federal offense. Although the BOP may consider a recommendation of the sentencing court when it determines the appropriate facility for incarceration, such recommendation is not controlling. *See* 18 U.S.C. § 3621(b)(4). The BOP has the final say "as to the location of imprisonment." *United States v. Serafini*, 233 F.3d 758, 778 (3d Cir. 2000). It is well-settled that "only the Bureau of Prisons has the actual authority to designate the place of incarceration." *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993). In certain circumstances, furthermore, the BOP has the discretionary "authority to compel service of petitioner's sentences at one institution, whether state or federal." *See Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990). After the BOP has exercised its authority to designate the place of incarceration, this Court may review the designation, but only for "abuse of discretion." *Id.* at 478.

In this instance, petitioner has not yet "begun to serve his federal sentence." (Pet. at 7.) It is thus doubtful that the BOP has designated the place where he will serve such sentence. After a thorough review of the documents filed in the federal criminal case, the Court has found nothing to indicate that the BOP has made such a designation. If the BOP has indeed made no such desig-

6

nation, this Court, of course, has no designation to review. The action would be premature to that extent.[5] If, on the other hand, the BOP has designated the location where petitioner will serve his federal term of incarceration, this Court reviews such designation only for an abuse of discretion on the part of the BOP. As petitioner has shown no abuse of discretion, § 2241 provides him no relief on the location aspect of Claim 1.

Section 2241 also provides petitioner no relief on the sentence credit aspect of Claim 1. The constitution affords no right to have state and federal sentences run concurrently. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). Petitioner thus has no constitutional right to have time served on his state sentence credited toward his federal sentence. "It is constitutionally permissible for the state and federal governments to each impose a sentence on a defendant based on the commission of a single act constituting offenses under both state and federal law." *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978). "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Dovalina*, 711 F.2d at 739 (quoting *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir. 1950)).

Similarly, there is no statute that provides a prisoner the right to have time served on a state sentence credited to his federal sentence. Section 3585 of Title 18 of the United States Code governs the calculation of a federal term of imprisonment.[6] Specifically, it "determines when a fed

---

[5] The Court notes that petitioner could perhaps seek a nunc pro tunc determination from the Bureau of Prisons that the state facility be designated as the location for service of his federal sentence. *See Taylor v. Sawyer*, 284 F.3d 1143, 1148 (9th Cir. 2002). Nothing indicates that petitioner has pursued such a determination. That matter is thus not before the Court.

[6] "Section 3585(a), a provision of the Sentencing Reform Act of 1984, became effective in 1987. Its predecessor, § 3568, also provided that a federal sentence commences when the defendant is received into federal custody. Case law

eral sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995) (8-1 decision). Section 3585 provides:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This statute covers two distinct sentencing situations. Subsection (a) determines the time at which a defendant's sentence commences for purposes of executing his or her federal sentence. Subsection (b), in contrast, provides the formula for determining whether a defendant will receive credit toward his or her federal sentence for time spent in "official detention" *prior to* the time the federal sentence "commences" within the meaning of subsection (a). Subsection (b) makes clear "that credit is awarded only for *presentence* restraints on liberty." *Reno v. Koray*, 515 U.S. 50, 56 (1995).

"[T]he phrase 'official detention' in § 3585(b) refers to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." *Id.* In addition,

---

determining commencement date under § 3568 is equally applicable to § 3585(a)." *Demartino v. Thompson*, No. 96-6322, 1997 WL 362260, at *2 n.2 (10th Cir. 1997) (Table; Text in Westlaw). The Fifth Circuit Court of Appeals has likewise found "case law concerning section 3568 directly applicable to § 3585(b)." *United States v. Cleto*, 956 F.2d 83, 85 (5th Cir. 1992). This Court may thus rely on precedent addressing § 3568 in addressing issues under § 3585.

"[t]he phrase 'official detention facility' in § 3585(a) . . . refer[s] to a correctional facility designated by the Bureau for the service of federal sentences, where the Bureau retains the discretion to 'direct the transfer of a prisoner from one penal or correctional facility to another.'" *Id.* at 58. The words "official detention" have the same meaning under both subsection (a) and (b). *Id.* Thus, "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' and who were subject to BOP's control." *Id.* (citation omitted).

In this instance, the federal judgment "committed" petitioner "to the custody of the United States Bureau of Prisons to be imprisoned for a term of [420] months." (Judgment at 2.) Judge Maloney, furthermore, recommended that petitioner serve his federal sentence in a federal correctional institution in the "Dallas area." (*Id.*; see also, Tr. of Sentencing at 7.) In addition, Judge Maloney "remanded" petitioner "to the custody of the United States marshal." (Judgment at 2.) Nothing in the criminal judgment or the transcript of the sentencing hearing indicates, however, that the BOP through the Attorney General has yet designated a facility where petitioner would serve his federal sentence. (*See, generally, id.*; Tr. of Sentencing.) Petitioner, furthermore, concedes that he is not detained in a facility designated for the service of his federal sentences. Nor does he appear to be subject to the BOP's control. Under a strict reading of *Koray*, he is thus not in "official detention" within the meaning of § 3585(b). Consequently, he is entitled to no "credit against his sentence of imprisonment." *Koray*, 515 U.S. at 65.

The *Koray* court, nevertheless, specifically indicated that it was not addressing the propriety of awarding sentence credit to a federal sentence for time served in state custody. 515 U.S. at 63 n.5. In light of that specific indication that the result might be different under certain circumstances

9

relating to state custody, the Court further notes that there appears to be no violation of § 3585(b) in this instance, even were the Court to consider petitioner to be in "official detention" within the meaning of § 3585(b). That section specifically excludes from the calculation time that has been "credited against another sentence." The time petitioner has served on his state sentence has certainly been credited against that term of imprisonment. Petitioner can thus show no violation of § 3585(b) even assuming the inapplicability of *Koray*. A "suggestion that [petitioner] is entitled to federal credit for the period of time when he was serving the state sentence is frivolous." *Burnett v. United States Bd. of Parole*, 491 F.2d 966, 967 (5th Cir. 1974); *Savage v. Henderson*, 475 F.2d 78, 79 (5th Cir. 1973). Federal courts "have no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody." *Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir. 1992).

      The difficulty in computing sentences arises when there are separate state and federal sentences pending. *Generally*, issues of comity dictate the order in which state and federal sentences will be served. In this instance, petitioner was produced for federal sentencing under writ of habeas corpus ad prosequendum. (*See* Order of Apr. 3, 1992.) The production of a state prisoner under such a writ "to answer federal charges does not relinquish state custody." *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996), *aff'd*, 100 F.3d 946 (3d Cir. 1996); *see also*, *Opela v. United States*, 415 F.2d 231, 232 (5th Cir. 1969). Petitioner was, therefore, still in state custody when this Court sentenced him. His federal sentence has yet to commence, because he remains in state custody without the state facility being designated for service of his federal sentence. *See Chambers*, 920 F. Supp. at 622 (holding that "[w]hen a federal court sentences a defendant in state custody at the time

of sentencing, 'the federal sentence may commence if and when the Attorney General or the Bureau agrees to designate the state facility for service of the federal sentence'").

In short, petitioner's state and federal sentences "may run consecutively; neither the Constitution nor [§ 3585] require[] the sentences to be concurrent." *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978) (addressing 18 U.S.C. § 3568). Petitioner, furthermore, is entitled to no "credit for time served in state custody . . . for the period served under the state sentence prior to [a] judgment remanding him to federal custody." *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Prisoners are "ordinarily not" given credit toward their federal sentences for time spent "serving a sentence imposed by another jurisdiction for an unrelated offense." *Shaw v. Smith*, 680 F.2d 1104, 1106 (5th Cir. 1982). "Even assuming that [petitioner's] state and federal convictions arose from the same acts, [§ 3585] does not require a credit for time served on the state charges." *Shillingford*, 586 F.2d at 374 (addressing 18 U.S.C. § 3568).

The Court thus denies the instant petition under § 2241 to the extent petitioner argues that time served on his state sentence should be credited toward his federal sentence.[7] There is neither statutory nor constitutional authority for such argument. Petitioner may

> receive credit for time spent in the custody of the Texas authorities only if the Attorney General had exercised the power granted by 18 U.S.C. § 4082 and designated the involved state and local facilities as places of confinement for service of a federal sentence. There is no indication that was done. No credit is in order.

---

[7] The Court could perhaps deny this aspect of Claim 1 for the failure of petitioner to exhaust his administrative remedies. Petitioner "must commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the Attorney General's denial (if any) of credit for time served." *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992); *see also, United States v. Wilson*, 503 U.S. 329, 335 (1992) (noting that "Federal regulations have afforded prisoners administrative review of the computation of their credits and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies"). Although nothing indicates that petitioner has exhausted his administrative remedies, the Court deems it appropriate to deny this aspect of Claim 1 on the merits.

*United States v. Garcia-Gutierrez*, 835 F.2d 585, 587 (5th Cir. 1988). "[W]hether the Bureau acts under delegated power from the Attorney General in accord with former § 4082(b) or the power now given it by [18 U.S.C.] § 3621(b), its discretion to designate a state prison as a place of federal confinement for [petitioner] is not materially affected." *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. 1990).

### B. Other Claims

Although petitioner properly avails himself of § 2241 for the previously discussed claims, that section provides no proper basis for bringing his second and third claims – both of which assert ineffective assistance of counsel. *See United States v. West*, 240 F.3d 456, 460 n.3 (5th Cir. 2001) (stating that claims of ineffective assistance of appellate counsel properly fall under § 2255); *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (stating that "[a] § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255"). "Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) (citations omitted), *cert. denied*, 122 S. Ct. 476 (2001).

In this instance, petitioner's second and third claims undoubtedly fall within the parameters of a motion to vacate under 28 U.S.C. § 2255. It also appears that § 2255 covers his first claim to the extent he challenges the imposition of the federal sentence as consecutive with the previously imposed state sentence. Such challenge should be raised through a motion to vacate, because it essentially "challenges the manner in which his sentence was initially determined." *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001).

Petitions filed under § 2241 that seek to challenge the validity of a federal conviction or sentence should either be dismissed or construed as a § 2255 motion. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001). "Section 2255 contains a 'savings clause,' [however,] which acts as a limited exception to this general rule." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

Pursuant to this "savings clause," a federal court may entertain a § 2241 petition that challenges a federally imposed sentence when "the petitioner establishes the remedy under § 2255 is inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 122 S. Ct. 476 (2001).

Petitioner explains that he has filed no motion to vacate under 28 U.S.C. § 2255, because he has not yet begun to serve his federal sentence. Such explanation provides no reason, however, for not pursuing relief through § 2255. That section "is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971). There is "no reason to restrict section 2255 to prisoners actually in federal custody." *Id.*

13

Petitioner also explains that a writ of error coram nobis is the proper vehicle for challenging his federal sentence. Such explanation does not show § 2255 inadequate or ineffective. A writ of error nobis, furthermore, may be used "as an avenue of collateral attack when the petitioner has completed his sentence and is no longer 'in custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Such a writ may not be used to challenge a federal sentence, however, until petitioner has fully served that sentence and received his release from federal custody. *United States v. Truesdale*, 211 F.3d 898, 903 (5th Cir. 2000) (noting that a petition for writ of error coram nobis is "equivalent to a motion under 28 U.S.C. § 2255, the difference being that a § 2255 motion is made by a person in federal custody and a petition for a writ of error coram nobis is filed by a person who has been released"). As petitioner is in federal custody for purposes of filing a motion to vacate under § 2255, he cannot pursue a writ of error coram nobis.

Petitioner has not shown § 2255 to be ineffective or inadequate. To the extent the instant petition presents claims that are cognizable under § 2255, the Court must dismiss the petition or construe it as a motion to vacate. As this Court presided over petitioner's federal conviction and thus has jurisdiction to construe the instant action as a motion under § 2255, the Court finds it appropriate to do so to the extent possible, despite the label placed upon it by petitioner. Federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint." *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987). The Court thus construes the instant action as arising from § 2255, except for the claims relating to sentence location and sentence credit.

To the extent § 2255 governs petitioner's claims, the Court finds the claims barred by the one year statute of limitations of that section.[8] On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. It applies to all motions to vacate filed under 28 U.S.C. § 2255 on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Petitioner filed the instant action after the effective date of the AEDPA. Title I of the Act thus applies to it.

One of the major changes effectuated by the AEDPA is a one-year statute of limitations for motions to vacate. *See* 28 U.S.C. § 2255. As amended, § 2255's limitations provision provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[8] It is inappropriate to find § 2255 ineffective or inadequate, when the movant or petitioner has allowed the one-year statute of limitations of § 2255 to expire. Jurisprudence of the Fifth Circuit "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). That one is procedurally barred from proceeding under § 2255 is insufficient "to demonstrate that section 2255 relief is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). It seems incongruous with Congressional intent to permit what would be an untimely motion under § 2255 to be properly filed under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001). Congress did not intend the savings clause of § 2255 to save prisoners from their own delays and procrastination. The *Reyes-Requena* court specifically noted, furthermore, that "[s]ection 2255 is the primary collateral relief mechanism for federal prisoners, and the savings clause cannot create a detour around § 2255 such that § 2255 is rendered a nullity." 243 F.3d at 901 n.19.

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

  Petitioner does not base his petition on any new constitutional right. He has also shown no state-created impediment that prevented him from filing his federal petition. There is no dispute that petitioner did not file this action within one year after his conviction became final. He filed the instant motion nearly eight years after that date. That fact does not, however, end the inquiry. Petitioner's conviction became final before the enactment of the AEDPA. "[F]ederal prisoners challenging convictions or sentences that became final prior to the AEDPA's effective date are accorded one year after the effective date of the AEDPA to file for relief under § 2255." *United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). With such grace period, motions "filed on or before April 24, 1997 are timely." *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).[9] In this instance, the grace period does not save the instant action from the limitations provisions. The grace period expired well before he filed the action. In addition, petitioner would have known the factual predicate of his claims well before the enactment of the AEDPA. Consequently, petitioner's claims that fall under § 2255 are barred by the one year statute of limitations of that section. Although "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), petitioner presents no rare or exceptional circumstances that warrant equitable tolling.

---

[9] Although *Flanagan* dealt with a habeas action under § 2254, it relied upon *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998) — a case under § 2255. *Flores*, furthermore, noted that the limitation provisions for § 2255 motions and § 2254 petitions are virtually identical. 135 F.3d at 1002 n.7. In *Flanagan*, the Circuit "consider[ed] *Flores* to be controlling authority in [its] § 2254 case." 154 F.3d at 200 n.2. For questions of limitations, the Court may rely upon cases arising under either § 2254 or § 2255. They have the same controlling effect.

## II. Conclusion

For the foregoing reasons, the Court **DENIES** the instant petition filed pursuant to 28 U.S.C. § 2241. To the extent the petition is properly construed as a motion to vacate filed pursuant to 28 U.S.C. § 2255, the Court summarily **DENIES** it for failure of petitioner to file it within the statutory period of limitations. The Court directs the Clerk's Office to file a copy of this opinion in the federal criminal case for petitioner, *United States v. Curlin*, No. 3:92-CR-0139-T (N.D. Tex.)).

DATED this __12__ day of __July__, 2002.

_____
UNITED STATES DISTRICT JUDGE