**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | | |
| Plaintiff ) | | |
| ) | | |
| **v.** ) | | **3:92-CR-139-T** |
| ) | | |
| **ALBERT EVANS CURLIN,** ) | | |
| Defendant/Movant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and orders of the District Court filed on December 30, 2005, and January 12, 2006, Defendant's motions to reopen the case and set aside a void judgment under Rule 60(b), and for appointment of counsel have been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Parties: Movant is presently a state prisoner incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). The Court has not issued process in this case.

Statement of the Case: Movant pled guilty to federal charges of bank robbery in violation of 18 U.S.C. § 2113, using a firearm during a crime of violence (two counts) in violation of 18 U.S.C. § 924(c)(1), and robbery affecting commerce in violation of 18 U.S.C. § 1951(a). United States v. Curlin, 3:92cr139-T (N.D. Tex., Dallas Div.). On July 22, 1992, the District Court imposed a sentence of 420 months imprisonment -- 120 months incarceration on

the bank robbery charge; 120 months incarceration on the other robbery charge to run concurrently with the 120 months for bank robbery; and 300 months incarceration on the two firearm charges to run consecutively to the other federal charges. The Fifth Circuit Court of Appeals dismissed Movant's direct appeal of his federal convictions. United States v. Curlin, No. 92-1655, slip op. at 1 (5th Cir. Mar. 12, 1993).[1]

Thereafter, Movant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, et seq., in this Court. See Curlin v. Cockrell, No. 3:01cv429-R (N.D. Tex., Dallas Div.). On July 15, 2002, the District Court denied the habeas corpus petition pursuant to § 2241. To the extent the petition is properly construed as a motion to vacate pursuant to 28 U.S.C. § 2255, the District Court summarily denied it as time barred. Id.

On November 21, 2005, Movant filed the present motion for relief from judgment under Fed. R. Civ. P. 60(b). (See Mot. for Relief from Judgment at 1). He seeks to challenge his judgment of conviction in 3:92cr139-T. He alleges the judgment of conviction is null and void due to a fundamentally defective indictment, which deprived the trial court of jurisdiction, rendered the guilty plea to be involuntarily made, and deprived the defendant of his basic constitutional right of due process and equal protection of the laws. (Id. at 3).

Findings and Conclusions: In the present motion, Movant seeks to raise, through a Federal Rule of Civil Procedure 60(b) motion, a direct challenge to his criminal conviction. The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all

---

[1] Shortly before the above federal convictions, Petitioner was convicted in state court of attempted capital murder, aggravated robbery, and possession of cocaine. He was sentenced to fifty years imprisonment to run concurrently with his subsequently imposed federal sentence. See Curlin v. State, 881 S.W.2d 513, 517 (Tex. App. -- Dallas, 1994, no pet. h.); Curlin v. Cockrell, No. 3:01cv429-R, slip op. at 1-4 (N.D. Tex. Jul. 15, 2005).

suits of a civil nature." Fed. R. Civ. P. 1. Because Rule 60(b) allows a party to move for relief only from a judgment or order in a civil case, Movant cannot challenge his criminal conviction or sentence in this case under Fed. R. Civ. P. 60(b). See United States v. Bradford, 2005 WL 1058314, *1-2 (N.D. Tex. 2005); see generally United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ( "Rule 60(b) does not provide for relief from judgment in a criminal case"). Therefore, Movant's Rule 60(b) motion should be denied.

Alternatively, Movant's motion should be construed as a motion for relief under 28 U.S.C. § 2255. The Fifth Circuit has held "motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions. United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998) (noting there is a "trend among circuit courts to look beyond the formal title affixed to a motion if the motion is a functional equivalent of a motion under § 2255"); see also Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 2647-48 (2005) (addressing a motion for relief from judgment in a § 2255 case).

Movant previously filed a habeas corpus petition under 28 U.S.C. § 2241, which was construed as a § 2255 motion and denied as time barred. This Court must, therefore, consider whether the present motion is in substance a second or successive § 2255 motion, which may not be filed without precertification by the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255. In general, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003); United States v. Orozco-Ramirez, 211 F.3d 862, 868 and 870

3

(5th Cir. 2000).

The claims that Movant seeks to raise in the present motion were available to him when he filed his initial § 2255 motion. See Orozco-Ramirez, 211 F.3d at 870. Accordingly, the Court concludes that this Rule 60(b) motion, construed as a § 2255 motion, is "second or successive" under the AEDPA, and should be dismissed for want of jurisdiction. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999) (district court lacked jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (same). Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d 364, 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[2]

To the extent Movant seeks to set aside the District Court's order denying his first § 2255 motion, this court likewise concludes that his Rule 60(b) motion is the equivalent of a second or successive motion under § 2255. In Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 2647-48 (2005), the Supreme Court recently held that a motion for relief from judgment, which seeks to advance one or more substantive claims, qualified as a second or successive habeas petition,

---

[2] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

whereas a motion for relief from judgment, which challenges only a district court's previous ruling which precluded a merits determination – i.e., a denial/dismissal for failure to exhaust, procedural default, or statute-of-limitations bar – was not the equivalent of a second or successive habeas petition. In so holding, the Court explained as follows:

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rules 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

Id. at 2648.[3]

In this case, Movant's Rule 60(b) motion advances a new substantive claim, which challenges to his underlying criminal conviction. In accordance with Gonzalez, such a claim renders his Rule 60(b) motion the equivalent of a second or successive § 2255 motion.

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion under Fed. R. Civ. P. 60(b) for relief from judgment be denied. Alternatively, it is recommended that the District

---

[3] Although the Gonzalez opinion dealt with habeas corpus proceedings under 28 U.S.C. § 2254, its holding is equally applicable in the § 2255 context.

Court should construe the Rule 60(b) motion as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, and direct the Clerk of the Court to open a new civil action, file the instant motion in that action as a § 2255 motion, and without further judicial action, immediately dismiss the new § 2255 action without prejudice for want of jurisdiction to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

It is further recommended that Movant's motion for appointment of counsel be denied as moot.

The clerk will mail a copy of this recommendation to Movant.

Signed this 8th day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.